**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| AARON JOSEPH SNOW,<br><br>                  Plaintiff,<br><br>vs.<br><br>CHULA VISTA AND ESCONDIDO PAROLE OFFICE/S,<br><br>                  Defendants. | CASE NO. 21cv622-LAB-KSC<br><br>**ORDER:**<br><br>**1) GRANTING MOTION TO PROCEED IN FORMA PAUPERIS [Dkt. 2]; and**<br><br>**2) ORDER DISMISSING COMPLAINT WITHOUT PREJUDICE** |

    Plaintiff Aaron Snow filed this lawsuit against the Chula Vista and Escondido Parole Offices, alleging breach of contract and seeking to proceed *in forma pauperis* ("IFP").

    Snow's IFP application states that his average monthly income over the previous year was approximately $956 "after deductions." (Dkt. 2.) His expenses vary, but amount to roughly the same number each month. He is unemployed and has no cash or other assets. The Court finds that Snow is unable to pay the filing fee, so his motion to proceed IFP is **GRANTED**. But because the Complaint fails both to invoke the Court's jurisdiction and to state

a claim for relief, it is **DISMISSED WITHOUT PREJUDICE**.

Federal courts, unlike state courts, face strict limitations on their jurisdiction. The Court is required to confirm its own jurisdiction, *sua sponte* if necessary, whenever a doubt arises. *Mt. Healthy City School Dist. Bd. of Ed. v. Doyle*, 429 U.S. 274, 278 (1977). As the party invoking the Court's jurisdiction, Snow bears the burden of establishing it. *See Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 103–04 (1998). Among other things, he is required to include in his pleading a "short and plain statement of the grounds for the court's jurisdiction." Fed. R. Civ. P. 8(a).

Snow doesn't meet this burden. Snow's lone claim is for breach of contract, a state law claim, so federal question jurisdiction isn't available. *See* 28 U.S.C. § 1331; *Pan Am. Petroleum Corp. v. Superior Court of Del. In and For New Castle County*, 366 U.S. 656, 661, 81 S.Ct. 1303, 6 L.Ed.2d 584 (1961) (breach of contract claims arise under state law). He doesn't allege facts to support diversity jurisdiction, either: If Defendants are agencies of the California state government (as they appear to be), they're California citizens, and the California address Snow provides as his own suggests that he may be a California citizen, too.[1] *See* 28 U.S.C. § 1332 (diversity jurisdiction). And no other statutory basis for jurisdiction appears to apply. *See* 28 U.S.C. §§ 1330, 1333-1369.

Moreover, when a plaintiff is permitted to proceed IFP, the Court is required to screen the complaint, dismissing it if it fails to state a claim. *See* 28 U.S.C. § 1915(e)(2)(B); *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (en banc). In applying Rule 12(b)(6) to determine whether the Complaint states

---

[1] The address alone, if alleged to be Snow's residence, isn't enough to establish citizenship. Instead, if Snow intends to invoke the Court's diversity jurisdiction, he must allege his residence in a state and his intention to remain or return there. *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001).

a claim for relief, it is **DISMISSED WITHOUT PREJUDICE**.

Federal courts, unlike state courts, face strict limitations on their jurisdiction. The Court is required to confirm its own jurisdiction, *sua sponte* if necessary, whenever a doubt arises. *Mt. Healthy City School Dist. Bd. of Ed. v. Doyle*, 429 U.S. 274, 278 (1977). As the party invoking the Court's jurisdiction, Snow bears the burden of establishing it. *See Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 103–04 (1998). Among other things, he is required to include in his pleading a "short and plain statement of the grounds for the court's jurisdiction." Fed. R. Civ. P. 8(a).

Snow doesn't meet this burden. Snow's lone claim is for breach of contract, a state law claim, so federal question jurisdiction isn't available. *See* 28 U.S.C. § 1331; *Pan Am. Petroleum Corp. v. Superior Court of Del. In and For New Castle County*, 366 U.S. 656, 661, 81 S.Ct. 1303, 6 L.Ed.2d 584 (1961) (breach of contract claims arise under state law). He doesn't allege facts to support diversity jurisdiction, either: If Defendants are agencies of the California state government (as they appear to be), they're California citizens, and the California address Snow provides as his own suggests that he may be a California citizen, too.[1] *See* 28 U.S.C. § 1332 (diversity jurisdiction). And no other statutory basis for jurisdiction appears to apply. *See* 28 U.S.C. §§ 1330, 1333-1369.

Moreover, when a plaintiff is permitted to proceed IFP, the Court is required to screen the complaint, dismissing it if it fails to state a claim. *See* 28 U.S.C. § 1915(e)(2)(B); *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (en banc). In applying Rule 12(b)(6) to determine whether the Complaint states

---

[1] The address alone, if alleged to be Snow's residence, isn't enough to establish citizenship. Instead, if Snow intends to invoke the Court's diversity jurisdiction, he must allege his residence in a state and his intention to remain or return there. *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001).

a claim, the Court makes a preliminary evaluation of a party's pleading and tests only whether the pleading provides "a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal marks and citation omitted). The required short and plain statement "does not need detailed factual allegations," only "factual allegations . . . enough to raise a right to relief above the speculative level . . . on the assumption that all the allegations in the complaint are true." *Id.* (internal marks and citations omitted). The Court must make all reasonable inferences that can be made in the plaintiff's favor. *Dahlia v. Rodriguez*, 735 F.3d 1060, 1066 (9th Cir. 2013).

At this stage, Snow appears to assert only a claim for breach of contract. (*See* Dkt. 1 ("While this complaint is written as 'BREACH OF CONTRACT', . . . the plaintiff . . . will bring into account other offenses made by the titled defendants".).) That claim requires Snow to allege facts establishing: (1) the existence of a contract; (2) Snow's performance of his duties under that contract or an excuse for nonperformance; (3) Defendants' breach of their contractual duties; and (4) resulting damages to Snow. *Oasis West Realty, LLC v. Goldman*, 51 Cal.4th 811, 821 (2011). The Complaint doesn't allege that Snow and Defendants are parties to any contract—to the contrary, Snow's relationship with Defendants appears to be that of a parolee under the Defendants' supervision. And while the Court must construe the Complaint liberally, it finds no factual allegations that point to any federal constitutional or statutory violation sufficiently to put the Court or Defendants on notice of such a claim.

Because the Complaint fails both to invoke the Court's subject matter jurisdiction and to state a claim for which relief can be granted, it is **DISMISSED**

**WITHOUT PREJUDICE**. If Snow believes he can fix these deficiencies, he may file an amended complaint no later than **May 31, 2021**.

      **IT IS SO ORDERED.**

Dated: April 14, 2021

*Larry A. Burns*
**HON. LARRY ALAN BURNS**
United States District Judge